UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GOEATED LTD.,**  <br>  Plaintiff,  <br>  v.  <br> **CURTIS EDWARD BARLOW, JR.** and **484 ENTERTAINMENT LLC,**  <br>  Defendants. | Case No.:  <br><br> **COMPLAINT**  <br><br> **JURY TRIAL DEMANDED** |

## NATURE OF ACTION

1. By this action, Plaintiff seeks to recover almost $1.3 million that Defendants have converted in acts constituting breach of contract, fraud, and conversion.

## PARTIES

2. Plaintiff Goeated Ltd. is a limited company organized under the laws of the Republic of Seychelles and located at Suite 1, Second Floor, Sound & Vision House, Francis Rachel Str., Victoria, Mahe, Seychelles. No member or partner of Plaintiff is a citizen of Pennsylvania (the state of Defendant Barlow's citizenship) or Delaware (the state of Defendant 484 Entertainment, LLC's citizenship).

3. Defendant Curtis Edward Barlow, Jr., is an individual residing at 1505 Broad Run Rd, Landenberg, PA 19350 and a citizen of the Commonwealth of Pennsylvania.

4. Defendant 484 Entertainment LLC is a Delaware limited liability company wholly owned and controlled by Barlow, with a principal place of business located at 1505 Broad Run Rd, Landenberg, PA 19350. Upon information and belief, all members and/or

1

partners of Defendant 484 Entertainment LLC are citizens of the Commonwealth of Pennsylvania and not citizens of the Republic of Seychelles.

## JURISDICTION AND VENUE

5. This Court has general personal jurisdiction over Defendants because they are residents of and conduct extensive business in Pennsylvania.

6. This Court has subject matter jurisdiction in this action through the diversity of the parties under 28 U.S.C. § 1332. The amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in this judicial district under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## SUBSTANTIVE FACTS COMMON TO ALL COUNTS

8. Goeated is a cryptocurrency company that has developed and launched the digital token Volt Inu ($VOLT).

9. Following the development of the token, Goeated sought ways to promote it and list it on various cryptocurrency exchanges.

10. In January 2022, a person identified in the Telegram messenger application as "CJ" contacted Goeated and offered to arrange for various promotions of the Volt token, primarily via celebrities' social media accounts. This person remained anonymous throughout Goeated's interaction with him and was only revealed to be Defendant Barlow through the investigative efforts that Goeated's undersigned New York attorneys have undertaken once Barlow stopped responding to messages.

11. In the course of the investigation, it was also revealed that Barlow owns and operates Defendant 484 Entertainment LLC, which performs various promotion and marketing services.

12. Goeated accepted Barlow's initial offer and paid for the promotional services in cryptocurrency to the cryptocurrency wallet Barlow indicated.

13. In the ensuing months, the parties transacted for more promotional services, with the amounts ranging between $25,000 and $50,000 in cryptocurrency for sets of posts in various celebrities' Twitter accounts. Barlow held up his end of the bargain and provided Goeated with screenshot confirmations of the promotional posts.

14. On April 25, 2022, Barlow offered Goeated to help with listing on cryptocurrency exchanges. The parties negotiated and agreed that Barlow would arrange for the listing of the Volt token on the following cryptocurrency exchanges: VinDax ($25,000), Bithumb ($75,000), Poloniex ($165,000), and FTX ($185,000) - $450,000 in total.

15. On April 26, 2022, Barlow indicated that the listing was "automatically approved unless stated otherwise such as select exchanges like liquid that need to review the project first. The others are a pay and go for the listing."

16. On April 27, 2022, Goeated transferred a total of 158.258 Ether, the cryptocurrency of the Ethereum blockchain, which amounted to approximately $457,000 at the then-current exchange rate. A confirmation of this transaction is available at https://etherscan.io/tx/0xea9f93d1330923455b1124cb46ee193e7300eb90c999abc8a00c2a7f7e4b13a7.

17. On April 30, 2022, Barlow notified Goeated that the price for listings had increased since the last time Barlow inquired with the exchanges, and he was told that the new

price was $700,000. In response, Goeated asked Barlow to confirm the final price for listing the token.

18.     On May 3, 2022, Barlow offered Goeated two options: (1) "FTX, Poloniex and Bithumb for 750k with about a 6-8 week process to list on those three over the course of that time period or possibly sooner," and (2) "$1M to list on FTX, Poloniex, Bithumb, Crypto.com and Kucoin."

19.     On the same day, Goeated inquired whether the $1 million fee covered the introduction fee, listing fee, and any other costs (excluding the liquidity or funds Goeated had to deposit for the market maker) for the FTX, Poloniex, Bithumb, Crypto.com, and Kucoin exchanges, and Barlow confirmed it did.

20.     Goeated accepted the offer and, on May 7, 2022, transferred a total of 204.400 Ether to Barlow, which amounted to approximately $538,000 at the then-current exchange rate. A confirmation of this transaction is available at

https://etherscan.io/tx/0xb7cae5b1bd770d264132d5b10052013c63245c47f062c92d7211eb51f8712000.

21.     Around the same time, Barlow offered to publish an advertisement of the Volt token on New York City buses for four weeks for the sum of $100,000. Goeated agreed and, on May 20, 2022, transferred 49.256 Ether to Barlow, which amounted to approximately $96,000 at the then-current exchange rate. A confirmation of this transaction is available at https://etherscan.io/tx/0x7971a324700ef0c2008b9755753360df75b24a4f96db4ff37859b090ae717077. In June 2022, Barlow provided Goeated with photos and videos of NYC buses on different days with the Volt Inu logo.

22. Between May and June 2022, Barlow listed the Volt token on the VinDax cryptocurrency exchange.

23. At the beginning of June 2022, Barlow offered to arrange the listing of the Volt token on the largest cryptocurrency exchange, Binance, for a fee of $300,000. Goeated accepted this offer and, on June 6, 2022, transferred $300,000 to Barlow in the USDT cryptocurrency. A confirmation of this transaction is available at

https://etherscan.io/tx/0xe652bcd2ab03f76c8db1d8763a9b6fc83d17cc89f3da897fee9c69888cba3566.

24. Starting from June 20, 2022, Goeated repeatedly inquired whether Barlow had any news regarding the listing of tokens on the agreed exchanges, but Barlow never gave a definitive answer.

25. Goeated's last interaction with Barlow was on July 7, 2022, after which he stopped responding to Goeated's messages.

26. Goeated notified Barlow, on July 15, 2022, that if there was no answer within 24 hours, Goeated would pursue legal action. Barlow never replied.

27. In total, Goeated has paid Barlow the following amounts for which services were not rendered: (a) $457,000 and $538,000 paid for the introduction fee, listing fee, and other costs (excluding the liquidity/funds for the market maker) for FTX, Poloniex, Bithumb, Crypto.com, and Kucoin exchanges, less $25,000 paid for the listing on the VinDax exchange, which was completed, and (b) $300,000 for the listing on Binance.

28. The total amount that Barlow has converted from Goeated is $1,270,000.

29. Barlow continues to make regular outgoing transactions from his cryptocurrency wallet to centralized exchanges, including Coinbase and Binance US.

30. On November 1, 2022, Goeated's attorneys sent a demand letter to Barlow summarizing the relevant facts and demanding the return of Goeated's funds.

31. On November 5, 2022, Goeated's attorneys received a reply letter from Simon J. Rosen, Esq., stating that Barlow had retained him as his counsel and substantially confirming that Barlow was in possession of Goeated's funds.

32. Through their attorneys, the parties then exchanged several messages over email, but to date have been unable to reach a resolution.

## COUNT I
## BREACH OF CONTRACT

33. Goeated and Defendants have entered into multiple valid contracts for marketing and promotion services that included paid social media posts by celebrities, advertisements on NYC buses, and listings of the Volt token on various cryptocurrency exchanges.

34. Defendants breached their contractual obligations to Goeated by failing to list the Volt token on the agreed exchanges and by failing to provide a refund when the breach of contract was apparent.

35. Defendants' breach has caused actual damages to Goeated, and Defendants are liable to Goeated for these damages.

WHEREFORE, Plaintiff Goeated LLC demands judgment in its favor and against Defendants Curtis Edward Barlow, Jr. and 484 Entertainment LLC, jointly and severally, for damages in the amount of $1,270,000.00, together with pre- and post-judgment interest thereon, plus costs and expenses of suit to the extent recoverable, and for such other relief as this Court deems just and proper under the circumstances.

## COUNT II
## FRAUD

36. Defendants have made misrepresentations to Goeated, promising that they would arrange for the listing of the Volt token on multiple exchanges without an actual intent to perform these services.

37. The misrepresentations, violations of law, fraudulent conduct, and other acts and omissions committed by the Defendants as set forth above constitute false and fraudulent representations.

38. Defendants have made these misrepresentations intending that Goeated would rely on them and be induced to pay a substantial amount of money to Defendants.

39. Goeated justifiably relied on these fraudulent representations and made several payments to Defendants.

40. As a resulted of the Defendants' fraudulent representations, Goeated has suffered damages as set forth hereinabove.

WHEREFORE, Plaintiff Goeated LLC demands judgment in its favor and against Defendants Curtis Edward Barlow, Jr. and 484 Entertainment LLC, jointly and severally, for compensatory damages in the amount of $1,270,000.00, punitive damages, together with interest, attorney's fees, costs and expenses of suit to the extent recoverable, and for such other relief as this Court deems just and proper under the circumstances.

## COUNT III
## CONVERSION

41. Since July 2022, by conducting themselves as aforesaid with respect to the funds transferred to them, Defendants intentionally exercised dominion and control over the Plaintiff's funds in the form of either Ether and USDT cryptocurrencies in such a manner that deprived Plaintiff of its right to those funds, without lawful justification.

42. Defendants have deprived and continue to deprive Goeated of these funds without Goeated's consent.

43. Defendants' conduct was intentional, outrageous, and in wanton disregard of Plaintiff's rights to and in the funds and warrants the imposition of punitive damages.

WHEREFORE, Plaintiff Goeated LLC demands judgment in its favor and against Defendants Curtis Edward Barlow, Jr. and 484 Entertainment LLC, jointly and severally, and requests an order commanding Defendants return the cryptocurrency converted and still in the possession of Defendants, plus compensatory damages in the amount of $1,270,000.00 minus the value of the converted cryptocurrency at the time of its return, plus punitive damages, together with interest, attorney's fees costs and expenses of suit to the extent recoverable, and for such other relief as this Court deems just and proper under the circumstances.

Dated: December 9, 2022

ABRAMSON & ABRAMSON, LLC

By: _____
DENNIS L. ABRAMSON, ESQ.
Two Bala Plaza, Suite 300
Bala Cynwyd, PA 19004
dabramson@theabramsonfirm.com
(610) 664-5700
*Attorneys for Plaintiff*

**BUZKO KRASNOV**
Evgeny Krasnov
evgeny.krasnov@buzko.legal
Filipp Petkevitch
filipp.petkevitch@buzko.legal
228 Park Ave S, PMB 85451
New York, NY 10003
(718) 557-9582
*Attorneys for Plaintiff*
*Pro Hac Vice Motion forthcoming*